## Britta Beckman

**From:** sop@cscinfo.com
**Sent:** Thursday, January 07, 2016 11:10 AM
**To:** Britta Beckman
**Subject:** Notice of Service of Process - Transmittal Number: 14648921

# Corporation Service Company ®

**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: 14648921
(Click the Transmittal Number to view your SOP)

*For more information on instant access to your SOP, click Sign Me Up.*

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Menard, Inc. |
| **Entity I.D. Number:** | 0033810 |
| **Entity Served:** | Menards. Inc |
| **Title of Action:** | Cynthia Luft vs. Menard, Inc. |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Cook County Circuit Court, Illinois |
| **Case/Reference No:** | 2015-L-012778 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 01/07/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Jacquelyn A. Fernandez
312-482-8200

**Primary Contact:**
James Anderson
Menard, Inc.

**Copy of transmittal only provided to:**
Rebecca Miller
Britta Beckman
Jackie Wolowicz

1

**NOTES:**
The document was served with lines.

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

Please visit www.cscglobal.com for more information related to CSC's Litigation and Matter Management services, including MYSOP, online acknowledgement of SOP and to view a complete library of all SOP received on your behalf by CSC.

**CSC is SSAE 16 certified for its Litigation Management System.**

2711 Centerville Road   Wilmington, DE 19808
(888) 690-2882   |   sop@cscinfo.com

| 2120 - Served | 2121 - Served |
| --- | --- |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| ☑ SUMMONS | ☐ ALIAS - SUMMONS |

(2/18/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

No. 2015-L-012778

CYNTHIA LUFT;

(Name all parties)

v.

MENARDS, INC

**Defendant Address:**
MENARDS. INC
R/A PRENTICE HALL CORPORATION
801 ADLAI STEVENSON DRIVE
SPRINGFIELD
SPRINGFIELD, IL 62703

Summons

To each Defendant:  ☑ SUMMONS     ☐ ALIAS - SUMMONS

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room  801 , Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 41535
Name: VRDOLYAK LAW GROUP LLC
Atty. for: CYNTHIA LUFT
Address: 9618 S COMMERCIAL AV
City/State/Zip: CHICAGO, IL 60617
Telephone: (773) 731-3311

WITNESS, Friday, 18 December , 2015

/s DOROTHY BROWN
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)     (Facsimile Telephone Number)

/s DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

30090:JAF:pmc

ELECTRONICALLY FILED
12/18/2015 3:21 PM
2015-L-012778
CALENDAR: Z
PAGE 1 of 5
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
LAW DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DPARTMENT, LAW DIVISION

| | |
|---|---|
| CYNTHIA LUFT ) | |
| ) | No. |
| Plaintiff, ) | |
| ) | |
| ) | Amount: In Excess of FIFTY |
| vs. ) | THOUSAND ($50,000.00) |
| ) | DOLLARS, Plus Cost of Suit |
| ) | |
| MENARD, INC., a foreign corporation, ) | |
| ) | Return Date: |
| Defendant. ) | |

### COMPLAINT

NOW COMES Plaintiff, CYNTHIA LUFT, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC., complaining of Defendant, MENARD INC., and states as follows:

### COUNT I – CYNTHIA LUFT vs. MENARD, INC.

1.  That on or about December 20, 2013, and at all relevant times herein, the Defendant, MENARD, INC., was a foreign corporation organized and existing under the laws of the State of Illinois.

2.  That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage and control a certain property, located on, at or near 1260 Christine Drive, Village of Bradley, Kankakee County, Illinois (hereinafter "Premises").

3.  That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said property was, in fact, used by the general public.

1

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, CYNTHIA LUFT to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others; that care being commensurate with her age, intellect and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when she did suffer injuries in or at said premises due to a defective condition on the premises thereon consequential to the negligence of the Defendant, MENARD INC., to wit: negligently maintained a rug near the entrance/exit, in a condition unreasonably dangerous, causing the plaintiff to fall and injure herself.

8. That the aforesaid unreasonably dangerous condition was present at said Premises consequential to the negligence of the Defendant as hereinafter set forth.

9. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff who was then and there in the exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, had either actual or constructive notice that its failure to either remedy or repair the aforesaid

ELECTRONICALLY FILED
12/18/2015 3:21 PM
2015-L-012778
PAGE 2 of 5

2

unreasonably dangerous condition, resulted in a high probability that others lawfully upon said Premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant, owed a duty to the Plaintiff, CYNTHIA LUFT and to the public generally, to refrain from negligent conduct which would endanger the safety of the Plaintiff, said duty included, but was not limited to, refraining from a negligent standard of care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties proximately caused by the aforesaid unreasonably dangerous condition.

13. That at the aforesaid time and place, the Defendant, MENARD, INC. breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed carpet at or near entry/exit way, to bunch up, causing an unreasonably dangerous condition;

(b) failed to remedy or repair the aforesaid unreasonably dangerous condition at said Premises;

(c) failed to adequately maintain said Premises;

(d) maintained said Premises in an open, defective condition for an unreasonable length of time;

(e) failed to warn the Plaintiff, of the aforesaid unreasonably dangerous condition at said Premises;

(f) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said Premises through Defendant's negligence.

14. As a direct and proximate result of one or more of the aforesaid acts and/or omissions of

ELECTRONICALLY FILED
12/18/2015 3:21 PM
2015-L-012778
PAGE 3 of 5

3

the Defendant, MENARD, INC., Plaintiff, CYNTHIA LUFT, suffered injuries and damages of a personal pecuniary and permanent nature.

WHEREFORE, the Plaintiff, CYNTHIA LUFT, demands judgment against the Defendant, MENARD, INC., for a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00) plus cost of suit.

Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC.**
Jacquelyn A. Fernandez
Attorney for Plaintiff
741 N. Dearborn
Chicago, Illinois
(312) 482-8200

ELECTRONICALLY FILED
12/18/2015 3:21 PM
2015-L-012778
PAGE 4 of 5

4

## RULE 222 (b) AFFIDAVIT

I, the undersigned, am the Plaintiff in this case and under penalties provided by the law pursuant to section 1-109 of the Code of Civil procedure certify that the damages sought in this lawsuit does ~~not~~ exceed Fifty Thousand Dollars ($50,000.00)

X _[signature]_

ELECTRONICALLY FILED
12/18/2015 3:21 PM
2015-L-012778
PAGE 5 of 5